■ AMERICAN REALTY ADVISORS, INC., Appellant, v BATTON, BARTON, DURSTINE & OSBORN INTERNATIONAL, INC., et al., Respondents, et al., Defendants.—Order of the Supreme Court, New York County (Diane A. Lebedeff, J.), entered May 27, 1988, which granted defendant's motion for summary judgment dismissing the complaint, is unanimously affirmed, with costs.

In 1978, while employed by Edward S. Gordon Co. Inc., two individuals who later formed or joined plaintiff corporation conducted brief discussions with defendant's chief financial officer regarding the latter's possible need to rent additional office space. There is no assertion that the officer expressly hired Edward S. Gordon Co. Inc. to act as defendant's agent or promised to pay for brokerage services. The circumstances of those discussions and subsequent 1978 communications do not demonstrate any implied agreement on the part of defendant, a prospective commercial tenant. Over the next four years, during which time plaintiff corporation was created, there was no communication between defendant and the two individuals. In February 1983, plaintiff's president telephoned defendant's officer, and again defendant's need to rent office space was discussed. The claim by plaintiff of a reaffirmation of the prior agreement and a novation is not only conclusory but, in the absence of any original employment agreement, is without substance. In October 1983, plaintiff's president sent defendant material concerning certain office space recently placed on the market, including notice from the development manager of those premises that it would pay the full commission

of the procuring broker. Defendant's officer promptly rejected plaintiff's solicitation. More than two years later, defendant executed a lease for these premises, in which transaction plaintiff now concedes it was not the procuring cause, having neither shown the premises to defendant nor ever negotiated on its behalf. In the absence of any evidence that defendant employed plaintiff as its broker or agreed to pay a commission to plaintiff, the mere fact that defendant leased the premises which plaintiff had previously brought to its attention is insufficient to support a recovery *(Adams & Co. Real Estate v E. & B. Super Mkts.,* 26 AD2d 365). Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.